**4**

JaVonne M. Phillips, Esq., SBN 187474
Jennifer C. Wong, Esq., SBN 246725
**McCarthy & Holthus, LLP**
1770 Fourth Avenue
San Diego, CA  92101
Phone (619) 685-4800 Ext. 1557
Fax (619) 685-4810

Attorney for: Secured Creditor,
Select Portfolio Servicing, Inc., servicing agent for Deutsche Bank National Trust Company, as trustee for WaMu Mortgage Pass-Through Certificates Series 2005-AR13

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

MODESTO DIVISION

| | |
|---|---|
| In re: | ) Case No.  18-90258 |
| | ) |
| Andreas Abramson, | ) DC No.:   JCW-1 |
| | ) |
| Debtor. | ) Chapter   7 |
| _____ | ) |
| Select Portfolio Servicing, Inc., servicing agent for Deutsche Bank National Trust Company, as trustee for WaMu Mortgage Pass-Through Certificates Series 2005-AR13, | ) **MOTION FOR RELIEF FROM** ) **AUTOMATIC STAY** ) ) ) ) ) |
| | ) Date:    07/12/2018 |
| Secured Creditor, | ) Time:    10:00AM |
|    v. | ) Ctrm:    Suite 4 |
| | ) Place:   1200 I Street, Suite 4 |
| Andreas Abramson, Debtor; and Michael D. McGranahan, Chapter 7 Trustee, | )            Modesto, CA ) ) Judge:   Ronald H. Sargis |
| | ) |
| Respondents. | ) |
| | ) |
| | ) |
| _____ | ) |

Deutsche Bank National Trust Company, as trustee for WaMu Mortgage Pass-Through Certificates Series 2005-AR13 in interest ("Secured Creditor" or "Movant" herein), moves this Court for an Order Terminating the Automatic Stay of 11 U.S.C. § 362 as to moving party (and the Trustee under the Deed of Trust securing moving party's claim) so that moving party and its Trustee may commence and continue all acts necessary to foreclose under the Deed of Trust secured by the Debtor property, commonly known as 83 Sanguinetti Court, Copperopolis, CA 95228, ("Property" herein). **See Exhibit "1"**.

A copy of Secured Creditor's Relief From Stay Information Sheet is filed concurrently herewith as a separate document pursuant to Local Rules of Court.

Pursuant to 11 U.S.C. § 362(d)(1) and 11 U.S.C § 362(d)(2), Movant is entitled to relief from the automatic stay to enforce its lien for cause, including whether the debtor has any equity in the property. A lack of equity in a Chapter 7 can constitute cause for lifting the stay. In re Preuss, 15 B.R. 896, 897 (9th Cir. BAP 1981).

The current value of the Debtor's subject Property is $1,160,027.00, based upon the Debtor's own value as set forth in Schedule A. Movant requests the court to take judicial notice of the Debtor's Schedules. **See Exhibit "6"**.

Other than Secured Creditor's Deed of Trust, the Debtor's subject Property is also encumbered by a Deed of Trust in favor of Goss & Goss in the approximate amount of $16,000.00 as set forth in Debtor's Schedule D. **See Exhibit "7"**.

Other than Secured Creditor's Deed of Trust, the Debtor's subject Property is also encumbered by a Third Deed of Trust in favor of Michael B. Abramson in the approximate amount of $265,411.00 as set forth in Debtor's Schedule D. **See Exhibit "7"**.

The Debtor's subject Property is also encumbered by Tax Liens in the approximate amount of $7,120.00 as set forth in Debtor's Schedule D. **See Exhibit "7"**.

The Debtor's subject Property is also encumbered by a Judgment Lien in the approximate amount of $9,533.83 as set forth in Debtor's Schedule D. **See Exhibit "7"**.

The Debtor's subject Property is also encumbered by a Judgment Lien in the approximate amount of $6,904.00 as set forth in Debtor's Schedule D. **See Exhibit "7"**.

1      The Debtor's subject Property is also encumbered by a Judgment Lien in the approximate amount of $1,157.50 as set forth in Debtor's Schedule D. **See Exhibit "7"**.

The Debtor's subject Property is also encumbered by a Judgment Lien in the approximate amount of $189,000.00 as set forth in Debtor's Schedule D. **See Exhibit "7"**.

The Debtor's subject Property is also encumbered by a Judgment Lien in the approximate amount of $1,450.00 as set forth in Debtor's Schedule D. **See Exhibit "7"**.

The Debtor's subject Property is also encumbered by a Judgment Lien in the approximate amount of $11,415.69 as set forth in Debtor's Schedule D. **See Exhibit "7"**.

The Debtor's subject Property is also encumbered by a Garnishment in the approximate amount of $120,000.00 as set forth in Debtor's Schedule D. **See Exhibit "7"**.

The Debtor's subject Property is also encumbered by a Judgment Lien in the approximate amount of $15,642.81 as set forth in Debtor's Schedule D. **See Exhibit "7"**.

In the present case, the Debtor has no equity in the Property, as evidenced by the approximate market value compared to the total liens against the Property, principally that of Secured Creditor herein and the other liens as noted in this Motion.

| | |
|---|---:|
| Property Value | $ 1,160,027.00 |
| Total Liens to Secured Creditor | $ 927,667.00 |
| Junior Liens | $ 281,411.00 |
| Property Tax | $ 7,120.00 |
| Other Liens | $ 355,103.83 |
| Less 8% Cost of Sale | $ 92,802.16 |
| Equity | $ (504,076.99) |

Based on the foregoing, Secured Creditor alleges that there is no equity in the subject Property, the subject Property is not necessary for an effective reorganization, and Secured Creditor is not adequately protected. Secured Creditor is not receiving regular monthly payments, and is unfairly delayed from proceeding with the foreclosure of the subject Property. Accordingly, relief from the automatic stay should be granted to Secured Creditor pursuant to 11 U.S.C. § 362(d)(2).

///

///

WHEREFORE, Secured Creditor prays for judgment as follows:

1. For an Order granting relief from the automatic stay, permitting Secured Creditor to proceed with the foreclosure under Secured Creditor's Deed of Trust, and to sell the subject Property at a trustee's sale under the terms of the Deed of Trust to proceed with any and all post foreclosure sale remedies, including the unlawful detainer action or any other action necessary to obtain possession of the Property.

2. For an Order that the fourteen day described by Bankruptcy Rule 4001(a)(3) be waived.

3. For an Order modifying the automatic stay to protect Secured Creditor's interest, as the Court deems proper.

4. For such other relief as the Court deems proper.

Dated: May 29, 2018          McCarthy & Holthus, LLP


By:  /s/ Jennifer C. Wong
    Jennifer C. Wong, Esq.
    Attorney for Secured Creditor
    Select Portfolio Servicing, Inc., servicing agent for Deutsche Bank National Trust Company, as trustee for WaMu Mortgage Pass-Through Certificates Series 2005-AR13