# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA

In re                                )    Case No. 18-90258-E-7
                                   )    Docket Control No. MF-6
ANDREAS ABRAMSON,          )
                                   )    DATE:   January 10, 2019
             Debtor.                )    TIME:    10:30 a.m.
                                   )    DEPT:    E

## **PRE-EVIDENTIARY HEARING CONFERENCE**

The continued hearing on the Amended Motion to Avoid Lien of Helen McAbee in the above-captioned proceeding was held at 10:30 a.m. on September 27, 2018. Appearances were as stated on the record. Except where necessary for clarity, subsequent references to rules will be made only to the FRCP.

Jurisdiction exists for this Contested Matter pursuant to 28 U.S.C. § 1334 and 157, and the referral to this bankruptcy court from the United States District Court for the Eastern District of California. Further, this is a core proceeding before this bankruptcy court pursuant to 28 U.S.C. § 157(b)(2)(K) and (O) for the adjudication of the rights created by Congress in 11 U.S.C. § 522(f).

**IT IS ORDERED** that on or before **October 26, 2018**, Bernadette Catteaneo shall file and serve a motion, if any, to intervene in this Contested Matter. Such motion shall include identifying the issues for which intervention is requested and how such intervention will be coordinated with the opposition being prosecuted by creditor Helen McAbee.

Pursuant to FRCP 16(b), it is hereby further

**ORDERED**, that, pursuant to FRCP 26(d), the parties may seek discovery from any source.

**ORDERED**, that the following schedule is established for this proceeding:

On or before **January 2, 2019**, the Parties, and each of them, shall file and serve on the other parties their respective witness and exhibits lists for the evidentiary hearing. The court will include said designated witnesses and exhibits in the Evidentiary Hearing setting order. Failure to designate a witness or exhibit will preclude use thereof for the parties case in chief or as rebuttal evidence if such "rebuttal" was reasonably anticipated (such as a counter appraisal).

Pre-Evidentiary Hearing Conference:　　　January 10, 2019
　　　　　　　　　　　　　　　　　　　　at 10:30 a.m.

**COMPLIANCE WITH ALL FEDERAL RULES OF
BANKRUPTCY PROCEDURE AND LOCAL RULES OF COURT**

**ORDERED**, that all parties, regardless as to whether represented by an attorney or in pro per, shall comply with the Federal Rules of Bankruptcy Procedure, Local Rules of Practice, and all General Orders of the Court. The Local Rules of Practice and General Orders may be reviewed at the Bankruptcy Court's website at www.caeb.uscourts.gov or may be obtained at the court clerk's office.

**CLOSE OF DISCOVERY**

**ORDERED**, that close of discovery means that all discovery in this adversary proceeding of the designated kinds shall be completed by **January 11, 2019**. The word "completed" means that all discovery shall have been conducted such that all depositions (including expert depositions, if any) have been taken, interrogatories answered, documents produced, admissions made, and any disputes relative to discovery shall have been resolved by appropriate order, if necessary, and, where discovery has been ordered, compliance with the order has been achieved in all respects.

**DISCOVERY DISPUTES**

**ORDERED**, that discovery disputes may be raised pursuant to FRCP 26 and 37. The parties involved in all such motions shall certify that they have met and conferred regarding the dispute and have made a reasonable effort to reach agreement on disputed matters.

The good faith requirement imposed by FRCP 37(a)(1) contemplates, among other things, that the parties meaningfully discuss the discovery dispute, and make a bonafide, good faith effort to resolve the dispute without court action. Good faith cannot be shown merely through the perfunctory parroting of statutory language on the certificate. The court will expect the parties to

comply with the meet and confer standard set for in <u>Leimbach v. Thomas W. Lane</u>, 302 B.R. 75 (Bankr. ID 2003). If the moving party has failed to satisfy the meet and confer requirement of FRCP 37(a)(1), the court will generally summarily deny the motion.

**ORDERED**, that if a party files a motion with reference to a discovery dispute, the times specified in Local Rule 9014-1 are hereby shortened, so that, unless otherwise ordered, any hearing on a discovery dispute may be set for not less than ten (10) calendar days from the date of filing or service of the notice and supporting papers, whichever is later, except that motions on a dispute relating to the conduct at depositions may be made, subject to the court's availability, by telephone at the time of deposition. If a motion regarding a discovery dispute is set on less than 28 days' notice, the responding party need not file opposition, but may appear at the hearing and oppose the motion. In this event the court may allow further time for the responding party to file written opposition.

**ORDERED**, that discovery motions that are heard on written motion will be heard on any law and motion date for Chapter 7 and Chapter 11 matters. These dates are periodically published on the court's Self-Set Calendar which is available on the court's webpage, www.caeb.uscourts.gov.

**ORDERED**, that if a party files a motion with reference to a discovery dispute, evidence from both parties of their fees and expenses incurred in preparation of the motion should be presented so the court may make an award contemporaneously with its ruling on the discovery motion, as contemplated by FRCP 37(a)(4).

## MOTIONS

**ORDERED**, that required motions, including dispositive motions, must be heard by the date(s) set forth above. If any party believes or has asserted by way of affirmative defense that all or any part of the complaint or a counterclaim fails to state a claim upon which relief can be granted, such party shall schedule (on normal notice) a hearing on a motion asserting that contention by the date set forth above if applicable. Failure to schedule such a motion by the date set forth above constitutes a waiver of the contention that all or any part of the complaint or counterclaim fails to state a claim upon which relief can be granted. Dispositive motions shall be determined on declarations pursuant to FRBP 7056 and 9017 and FRCP 43(e) and 56.

**PRE-EVIDENTIARY HEARING CONFERENCE**

**ORDERED**, that a pre-evidentiary hearing conference is set by the court for **January 10, 2019, at 10:30 a.m.** to be held in the Courtroom, United States Courthouse, 1200 I Street, Modesto, California.

**PRE-EVIDENTIARY HEARING STATEMENTS**

**ORDERED**, that a pre-evidentiary hearing statement must be filed and served by each party **no later than seven court days** prior to the scheduled pre-evidentiary hearing conference. Each party's pre-evidentiary hearing statement shall state the name of the party or parties on whose behalf it is presented and set forth the nature of the action and the following matters, under the following captions, and in the following order:

(1) Jurisdiction-Venue. The factual and statutory basis of federal jurisdiction and venue, whether there is any dispute concerning jurisdiction or venue, and whether this is a core proceeding.

(2) Undisputed Factual Issues. A plain, concise statement of each element of each claim or defense that is undisputed and does not require proof at trial. The parties shall have, or be prepared to state at the pre-evidentiary hearing conference, all of the undisputed facts for which an agreed statement of facts shall be executed and filed within 10 days of the completion of the pre-evidentiary hearing conference.

(3) Disputed Factual Issues. A plain, concise statement of each element of each claim or defense (and any related essential facts) that is disputed and that requires proof at the evidentiary hearing.

(4) Disputed Evidentiary Issues. A plain, concise summary of any reasonably anticipated disputes concerning admissibility of evidence.

(5) Relief Sought. The elements of monetary damage, if any, and the specific nature of any other relief sought.

(6) Points of Law. A statement of the legal theory or theories of recovery or of defense and of any points of law (substantive or procedural) that are or may reasonably be expected to be in controversy, citing the pertinent statutes, rules, cases, and other authorities relied upon.

Extended legal argument is not required in the pre-evidentiary hearing statement.

(7) <u>Abandoned Issues</u>. A statement of all issues raised by the pleadings that have been abandoned, including, for example, claims for relief and affirmative defenses.

(8) <u>Witnesses</u>. A list (names and addresses) of all prospective witnesses, and designating those who are expert witnesses. Only witnesses so listed will be permitted to testify at the evidentiary hearing, except true rebuttal witnesses in the court's discretion and except as otherwise provided by the pre-evidentiary hearing order. Unless the court directs otherwise, the alternate direct testimony procedure (direct testimony submitted by declaration) will be used at the evidentiary hearing, and all witnesses shall be presented for live direct and cross-examination.

(9) <u>Exhibits - Schedules and Summaries</u>. A list of documents or other exhibits that the party expects to offer at the evidentiary hearing, except documents or other exhibits used solely for impeachment. Only exhibits so listed may be offered at the evidentiary hearing, expect documents or other exhibits used solely for impeachment. Only exhibits so listed may be offered at the evidentiary hearing, except as other provided in the pre-evidentiary hearing order.

(10) <u>Discovery Documents</u>. A list of all deposition excerpts, answers to interrogatories, and responses to requests for admissions that the party expects to offer at the evidentiary hearing.

(11) <u>Further Discovery or Motions</u>. Any requests for further discovery or pre-evidentiary hearing motions shall set forth the grounds for relief from this scheduling order. Requests for relief from this scheduling order are not favored and will ordinarily be denied unless the moving party makes a strong showing of diligence in complying with this scheduling order.

(12) <u>Stipulations</u>. Any stipulations requested or offered for pre-evidentiary hearing or evidentiary hearing purposes.

(13) <u>Amendments - Dismissals</u>. Any requests for amendments to pleadings, dismissals, additions, or substitutions of parties shall set forth the grounds for relief from this scheduling order. Requests for relief from this scheduling order are not favored and will ordinarily be denied unless the moving party makes a strong showing of diligence in complying with this scheduling order.

(14) <u>Agreed Statements</u>. A statement whether presentation of all or part of the action upon an Agreed Statement of Facts is feasible and advisable.

(15) <u>Attorney's Fees</u>. A statement whether attorney's fees are sought and the basis therefor.

(16) <u>Miscellaneous</u>. Any other appropriate comments, suggestions, or information that might aid in the disposition of the action, including reference to any matters set forth in Federal Rule of Civil Procedure 16 (c) and Federal Rule of Bankruptcy Procedure 7016.

(17) <u>Estimated Time for Evidentiary Hearing</u>. A statement with the estimated time needed for the evidentiary hearing.

## MODIFICATION

**ORDERED**, that this scheduling order may be modified, for cause, only on the motion of a party or on a court-approved stipulation among all parties. Except for motions made and stipulations presented within thirty days after the date hereof based on conflicts created by the dates chosen by the court, requests for relief from or modification of this scheduling order are not favored and will ordinarily be denied unless the moving party makes a strong showing of diligence in complying with this scheduling order.

## SANCTIONS FOR FAILURE TO COMPLY

**ORDERED**, that if any party fails to comply with any provision of this order, the court may issue sanctions as appropriate and commemorated under FRCP, Local Rules of Practice, or other applicable statute, or orders, or rules.

**Dated:** October 04, 2018

By the Court

Ronald H. Sargis, Judge
United States Bankruptcy Court

# Instructions to Clerk of Court
**Service List - Not Part of Order/Judgment**

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked ____, via the U.S. mail.

| **Debtor**(s) | **Attorney for the Debtor**(s) (if any) |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | Office of the U.S. Trustee<br>Robert T. Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA 95814 |
| Richard B. Gullen<br>Rossi, Hamerslough, Reischl & Chuck<br>1960 The Alameda, Ste. 200<br>San Jose, CA 95126-1493 | |