3

MACDONALD | FERNANDEZ LLP
IAIN A. MACDONALD (SBN 051073)
914 Thirteenth Street
Modesto, CA 95354
Telephone: (209) 549-7949
Facsimile: (209) 236-0172

Attorneys for Debtor,
ANDREAS ABRAMSON

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

MODESTO DIVISION

| | |
|---|---|
| In Re: | Case No. 18-90258-E-7 |
| ANDREAS ABRAMSON | Chapter 7 |
| Debtor. | DCN: MF-6 |
| | Date: December 20, 2018<br>Time: 10:30 a.m.<br>Place: 1200 I Street, Suite 4<br>Modesto, California |
| | Hon. Ronald H. Sargis |

**DEBTOR'S RESPONSE TO SUPPLEMENTAL BRIEF OF BERNADETTE CATTANEO**

Debtor, Andreas Abramson, responds to the supplemental brief of Bernadette Cattaneo

regarding the issues posed by the court in its order of October 26, 2018, as follows:

I.      CATTANEO'S ARGUMENT THAT THE STATUTE IS VOID BECAUSE
        CONTRARY TO STATE LAW IS INCORRECT

The United States Supreme Court has consistently held that federal law trumps state law.

*McCulloch v. State of Maryland*, 17 US 316 (1819), *Cohens vs Virginia,* 19 US 264 (1821*).*

Cattaneo takes this argument to an extreme by suggesting that a bankruptcy court may declare a

federal statute unconstitutional (Supplemental Brief, 5:1-16). There is no pending motion in the

appropriate court to obtain such a declaration.

II.     NO EVIDENCE TO SUPPORT CONTENTIONS OF FRAUD, COLLUSION, ETC.

Cattaneo suggests in several points of her brief that the Debtor and his father are insiders who manufactured impairment by collusively creating junior liens (Brief, 2:18). It is not clear if Cattaneo is saying that the deed of trust is void because it secures a false claim, or that the fact of its existence is fraudulent because between father and son, even though recorded four years before bankruptcy. These are serious contentions yet no evidence is submitted in support of this proposition, even though Cattaneo learned two months ago that December 20, 2018 was the date of the hearing (Order for Supplemental Briefing, October 26, 2018.) In an effort to smoke out this issue, Debtor encouraged Cattaneo to promptly depose his father, even noticed his father's deposition, but then cancelled it when creditor McAbee's counsel protested that he was not ready because he needed time to review debtor's documents. These documents were produced weeks ago, but neither counsel noticed the deposition until last week, setting it for January, and now complaining that she has no evidence because the lienholder will not be deposed until then. The court scheduling order of October 26, 2018 provided that that the matter would be heard on December 20, 2018, and that McAbee's pleadings were due on December 7, 2018, yet did nothing to adequately prepare.  This is a serious failure of proof and, to the extent that Cattaneo relies upon fraud and/or collusion to avoid the lien, her objection should be overruled.

III.     "WINDFALL" DEFENSE IS FATUOUS

Catteneo's arguments about "sandwiches" and "windfalls" is really an attack on the perceived inappropriateness of the debtor's right to discharge and a "fresh start," not unlike the creditor who must return a preference (547(b) and 550); surrender a leasehold that would otherwise have priority over the purchaser of real property [*In re Spanish Peaks Holdings II, LLC,* 872 F.3d 892 (9th Cir. 2017 )], suffer a lien stripped-off under Section 506; accept a cure of a deed of trust more than three months after recording the notice of default under either Chapter 11 or Chapter 13, etc.

2

IV.   CONCERNS OF A FEW LOWER COURTS IS NO REASON TO IGNORE THE "PLAIN LANGUAGE" OF THE STATUTE

Ex-wife's argument is reminiscent of the recent "concern" expressed by many bankruptcy judges and practitioners over the application of the Absolute Priority Rule in the case of the individual Chapter 11 debtor. The feeling was that, because increased home values precluded Chapter 13 for those who would otherwise resort to that chapter. and required use of Chapter 11, they should therefore be treated the same as if they filed Chapter 13. *In re Shat,* 424 B.R. 854 (Bankr. D Nevada 2010). Law review articles by prominent jurists and attorneys were written opposing the application of absolute priority rule in the individual Chapter 11 context. This position was ultimately rejected by the Ninth Circuit in *Zachary vs California Bank & Trust,* 811 F.3d 1191(9th Cir. 2016), where the plain language of the statutes prevailed. Indeed, Cattaneo very clearly accepts, as she must, that the language of Section 522(f)(2) is "plain." (Supplemental Brief 2:24).

V.   CONCLUSION

Debtor submits that Cattaneo's objections based upon conflict with state law, concerns of other judges, and collusion are not a basis for ignoring the statute that has been strictly construed by the Bankruptcy Appellate Panel of this circuit. *In re Charnock,* 318 B.R. 720 (9th Cir. BAP 2004).


DATED: December 14, 2018                    MACDONALD FERNANDEZ LLP

                                           By: /s/ *Iain A. Macdonald*                    .
                                                Iain A. Macdonald,
                                                Attorneys for Debtor Andreas Abramson

3