**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**CIVIL MINUTES**

---

**Case Title:** Andreas Abramson

**Case No.:** 18-90258 - E - 7
**Docket Control No.** JCW-1
**Date:** 01/10/2019
**Time:** 10:00 AM

**Matter:** [36] - Motion for Relief from Automatic Stay [JCW-1] Filed by Creditor Select Portfolio Servicing, Inc. (Fee Paid $181) (eFilingID: 6289001) (jlns)

**Judge: Ronald H. Sargis**
**Courtroom Deputy: Michelle Peterson**
**Reporter: Amanda Dunn**
**Department: E**

---

**APPEARANCES for:**
**Movant(s):**
(by phone) Debtor in Possession's Attorney - Iain Macdonald
**Respondent(s):**
(by phone) Creditor's Attorney - Javonne Phillips

---

**CIVIL MINUTES**

Motion was Resolved by stipulation

Findings of fact and conclusions of law stated orally on the record

**ORDER TO BE PREPARED BY: Movant(s)**

**The Motion for Relief From the Automatic Stay has been resolved by the stipulation of the Parties as stated on the Record:**

**Debtor shall make a cure payment of $15,015.40 on or before noon on Monday January 14, 2019.**

**If the Cure Payment is timely made, Movant shall lodge with the court an order dismissing without prejudice the Motion for Relief From the Automatic stay.**

**If the Cure Payment is not timely made, Movant shall lodge with the court an order granting relief from the automatic stay consistent with the relief stated in the ruling below.**

Notes:

Set by order re adequate protection payments filed 7/13/18 [Dckt 80]

[JCW-1] Debtor's Status Conference Statement re Select Portfolio Servicing, Inc.'s Motion for Relief from Stay filed 10/11/18 [Dckt 211]

**HISTORY OF CONTESTED MATTER**

On May 29, 2018, Select Portfolio Servicing, Inc., as the servicing agent for Deutsche Bank National Trust Company, as trustee for WaMu Mortgage Pass-Through Certificates Series 2005-AR13 ("Creditor") filed this Motion for Relief From the Automatic Stay to allow it to proceed with a nonjudicial foreclosure sale of the real property commonly known as 83 Sanguinetti Court, Copperopolis, California. Motion, Dckt. 36. Due to an ongoing dispute with the junior lien creditor on this Property and Debtor's *ex* spouse, a pending lien avoidance action has delayed the closing of this case and the termination of the automatic stay (11 U.S.C. § 362(c)(1) [the closing of the case and abandonment of the property back to the Debtor]).

Debtor asserts that he intends to retain the property, can make the payments on the first (with assistance from his father), and entered into an adequate protection stipulation with Creditor. The court issued its Adequate Protection Order (Dckt. 80), which provides in pertinent part:

A. Debtor shall make Adequate Protection Payments in the amount of $4,869.07 a month, with the first payment due on or before July 20, 2018, and then each subsequent month by the 10th day of such month. Order, p. 1:17-19; Dckt. 80.

B. If Debtor fails to make a timely adequate protection payment, Creditor may seek a

supplemental order modifying the automatic stay to allow it to proceed with a foreclosure sale as follows:

1. The request shall be by *ex parte* motion, supported by admissible evidence;

2. The sole grounds for relief by ex parte motion shall be the failure to timely

make the required adequate protection payment(s);

3. If Debtor disputes the evidence of the failure to make the timely adequate protection payment(s):

a. Debtor shall file an opposition, supported by admissible evidence, within 10 days of the ex parte motion having been filed, and

b. Debtor shall set a hearing on the ex parte motion on the court's first available calendar date not more than twenty days from the date the ex parte motion was filed.

*Id.* at 2:2-12.

4. The court set a continued Status Conference, if necessary, to address any implementation issues concerning the Adequate Protection Order.

At the October 25, 2018 Continued Status Conference, counsel for Select Portfolio Servicing, Inc. reported that the adequate protection payments made are not for the full amount ordered. It is reported that the underpayment is approximately $7,000 short. The court continued the Status Conference further to allow the Parties to address any payment computation issues.

At the December 20, 2018 Continued Status Conference the Parties reported that there is an ongoing dispute as to the payment amounts. Debtor admits making payments in an amount less than ordered by the court. However, Debtor "blames" the Creditor loan servicer for not accepting the amounts as ordered by the court. Debtor and Debtor's counsel offered no explanation as to how this under payment, which covers multiple months, has gone unaddressed.

Creditor had filed an Ex Parte Motion for Relief From the Stay. Debtor stated that he would file the opposition to the *Ex Parte* Motion by the December 21, 2018 deadline, and set the hearing for hearing on January 10, 2019 (the first available court day).

The court continue the Status Conference to be conducted in conjunction with the hearing on the *Ex Parte* Motion based on Debtor's default in payments.

**_EX PARTE_ MOTION FOR RELIEF**

On December 12, 2018, Select Portfolio Servicing, Inc ("Creditor") filed an *Ex Parte* Motion For Relief From Automatic Stay pursuant to this court's Order for Adequate Protection Payments (Dckt. 80) issued on July 13, 2018. Dckt. 233. Creditor asserts Debtor failed to make two payments of $4,869.07, with a total default of $8,646.81 (after subtracting Debtor's suspense).

In support of its Motion, Creditor filed the Declaration of Reid Vaenuku. The Vaenuku Declaration states under penalty of perjury that Debtor is in default 2 payments. The Vaenuku declaration also authenticates Creditor's Exhibit 2, a post-petition payment history report showing that Debtor has not made payments for the months of October and November 2018. Dckt. 235.

Creditor's witness' testimony is that Debtor made no payments for two months. Declaration ¶ 7, Dckt. 234. Creditor's witness authenticates Exhibit 2, which is stated to be a payment history under the Adequate Protection Order. That payment history is:

| Payment Due Date | Amount Due | Transaction Date | Received Amount | Notes | Suspense | Applied Post-Petition |
|---|---|---|---|---|---|---|

| | | | | | | |
|---|---|---|---|---|---|---|
| | | 7/18/2018 | $3,369.81 | | $3,369.81 | |
| 7/20/2018 | $4,869.07 | 7/182018 | $1,499.26 | | $0.00 | 7/20/2018 |
| | | 8/14/2018 | $3,718.56 | | $3,718.56 | |
| | | 9/5/2018 | $371.29 | | $4,089.85 | |
| 8/10/2018 | $4,869.07 | 10/5/2018 | $3,369.81 | | $2,590.59 | 8/10/2018 |
| 9/10/2018 | $4,869.07 | 11/8/2018 | $3,369.81 | | $1,091.33 | 9/10/2018 |
| 10/10/2018 | $4,869.07 | | $0.00 | | | |
| 11/10/2018 | $4,869.07 | | $0.00 | | | |

Exhibit 2, Dckt. 235 at 6.

Debtor's Opposition

Counsel for Andreas Abramson, the Debtor, filed an Opposition to Creditor's *Ex Parte* Motion on December 21, 2018. Dckt. 241. In the Opposition Debtor's Counsel argues:

A. Counsel believes that all payments have been made for each month, with the payments totaling $20,218.86 for the six month period to date. Opposition, p. 1:20-22; Dckt. 241.

1. Payments totaling $20,218.86 for a six month period (July - December 2018) equal payments of $3,369.81 per month, which is less than the $4,869.07 monthly Adequate Protection Payment ordered by the court.

*Id.*

2. Debtor's Counsel argues that Debtor spoke with a Ms. Frieda Maluia at Creditor's office, and Debtor's Counsel argues that Ms. Maluia told Debtor who told Counsel that:

a. All payments have been made by Debtor,

b. Payments are applied contractually,

c. Payments that are presently due and to be collected and applied are in the amount of $3,369.81, and

d. Any amounts above the contractual payments are placed in an unapplied balance suspense account.

*Id.*, p. 1:23-28.

3. Debtor's Counsel argues that Debtor was advised by Creditor to submit only complete $3,369.81 payments, which are argued to be drafted from Debtor's checking account each month. *Id.*, p. 2:1-2.

4. Debtor's Counsel argues that Debtor was "apparently confused" about his obligation ordered by the court and did not consult his Counsel. *Id.*, p. 2:3 -4.

While arguing many facts, Debtor has not provided any evidence to support such arguments. Though required by the Adequate Protection Order to file admissible evidence with any opposition, Debtor has chosen not to provide such evidence.

The evidence presented by Creditor is that Debtor has default in adequate protection payments in October and November 2018, affirmatively stating that no monies were received in those months from Debtor (not even the underpayments argued by Debtor's Counsel). Declaration and Exhibit 2, Dckts. 234, 235. Debtor offers no evidence rebutting this evidence.

Debtor admits in the Opposition to not complying with the court's Adequate Protection Order, with Debtor's counsel arguing that a representative of Creditor is to blame. No argument is advance, nor evidence presented, as to when Counsel for Debtor explained what the court was requiring and that an adequate protection payment of $4,869.07 had to be made monthly so that the Debtor could keep in place the automatic stay for the extended time that the closing of the case was delayed while Debtor and his ex-wife fought over the junior judgment lien. Nor has Debtor provided any evidence of how Debtor could think that the court's order could be ignored based on what a person on the phone at Creditor stated. FN. 1

---------------------------------------------

FN. 1. This bankruptcy case was filed on April 13, 2018. Debtor's discharge has been delayed based on Debtor's own motion to maintain the automatic stay while he undertakes a lien avoidance fight (11 U.S.C. § 522(f)) with Helen McAbee, the holder of the judicial lien junior to that of Creditor's deed of trust. Dckt. 111. Debtor asserts that the value of the Property is consumed by Creditor's lien and that the McAbee judgment lien will be avoided in its entirety. It has been stated, that once the junior judgment lien is stripped off the Debtor and his father will refinance Creditor's debt. The Adequate Protection Stipulation was reached to protect the interests of Creditor and afford Debtor the time to litigate the lien avoidance with Ms. McAbee.

Joining in opposing the motion to value is with Ms. McAbee is Bernadette Cattaneo, Debtor's ex-spouse, who is also a judgment debtor on the McAbee judgment and has property received through the dissolution that is subject to the judgment lien. Ms. Cattaneo argues that the McAbee obligation is the responsibility of Debtor and that the Property has more than enough value to pay the McAbee judgment (assuming Ms. McAbee were to elect to take the Property to a judgement lien sale, deal with Creditor's obligation, and then market and sell the property). If Ms. Cattaneo is correct, there would be no economic reason for Debtor and his father to refinance the Property, nor any economic reason for Debtor to try and keep the

property, having discharged any personal liability on the judgment to Ms. McAbee.

The Order modifying the automatic stay does not determine any of the underlying rights, obligations, and interests of these various parties. They can continue to act in their best respective economic interests. It does not preclude Debtor and Creditor from agreeing to a voluntary forbearance while the lien avoidance action proceeds. It does not preclude Ms. McAbee or Ms. Cattaneo purchasing Creditor's note and holding it while the lien avoidance matter proceeds. Those issue can play out not in this case, but in non-judicial dealings or state court proceedings.

---------------------------------------------

Debtor also admits in the Opposition to not having made the payments required under the Adequate Protection Order, but making a smaller payment which Debtor unilaterally determined could be made in violation of the Adequate Protection Order.

Based on the evidence presented, the grounds for modification of the automatic stay specified in the Adequate Protection Order have been met.

**CONCLUSION**

If the cure payment of $15,015.40 is not timely made on or before noon on Monday January 14, 2019, the court shall issue an order terminating and vacating the automatic stay to allow Movant, and its agents, representatives and successors, and all other creditors having lien rights against the Property, to conduct a nonjudicial foreclosure sale pursuant to applicable nonbankruptcy law and their contractual rights, and for any purchaser, or successor to a purchaser, at the nonjudicial foreclosure sale to obtain possession of the Property.

If relief from the stay is granted, it is without prejudice to any rights or claims Debtor may have concerning any representations, or misrepresentations, asserted to have been made by Creditor, any breaches of contractual or statutory obligations relating to the Note, Deed of Trust, and Adequate Protection Order for amounts required to be paid, or other claims or rights relating to the performance of such obligations during the period of the Adequate Protection Order.