**4**

MACDONALD | FERNANDEZ LLP
IAIN A. MACDONALD (SBN 051073)
914 Thirteenth Street
Modesto, CA 94104
Telephone: (209) 549-7949
Facsimile: (415) 394-5544

Attorneys for Debtor,
ANDREAS ABRAMSON

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

MODESTO DIVISION

| | |
|---|---|
| In Re: | Case No. 18-90258-E-7 |
| ANDREAS ABRAMSON | Chapter 7 |
| Debtor. | DCN: MF-6 |
| | Date: March 13, 2019<br>Time: 9:30 a.m.<br>Place: Courtroom 33<br>　　　501 I Street, 6th Floor<br>　　　Sacramento, California<br><br>Hon. Ronald H. Sargis |

**DEBTOR IN POSSESSION'S SUPPLEMENTAL EVIDENTIARY HEARING BRIEF IN SUPPORT OF DEBTOR'S MOTION TO AVOID JUDICIAL LIEN OF HELEN MCABEE**

COMES NOW Andreas Abramson, Debtor herein, ("Debtor") and respectfully submits his Supplemental Evidentiary Brief in Support of Debtor's Motion to Avoid Judicial Lien of Helen McAbee, supporting his position that the accurate and supported Fair Market Value of the property located at 83 Sanguinetti Court, Copperopolis, California (the "Property") at the time of the chapter 7 bankruptcy filing on April 13, 2018 is $1,090,000.

The focus at trial will be a refutation of Helen McAbee's ("McAbee") evidence, and Debtor will show, among other things, that the appraisal methodology of her appraisers, Roxana Stobaugh ("Stobaugh") and Aaron Stafford ("Stafford"), is so flawed that their reports should be disregarded.

1

**4**

A. **Analysis of Appraisal of Roxana Stobaugh – Value of $1,600,000.00.**

1. <u>Size</u>. Stobaugh mis-states the Property's square footage by almost 200 Sq. ft. According to County records it is less and according to Debtor's two appraisers, who physically measured the home, it is even less. Stobaugh lists 3,665 sq. ft., the County lists 3,500 sq. ft. and Debtor's two appraisers list (both whom did their own measurements) it at 3,276 sq. ft. and 3,474 sq. ft. respectively.

2. <u>Date</u>. Stobaugh's appraisal is dated April 19, 2018 to include a listing made two (2) days prior to her valuation date. (Comp #6), which is not a closed sale.

3. <u>Listings are Not Valid Comps</u>. Stobaugh's appraisal includes three (3) listings, which are not closed sales.

Stobaugh's Sale #1 also used by Debtor's appraisers in their appraisals.

Stobaugh's Sale #2 is valid as 88 Sanguinetti Ct. has a close of escrow date of June 17, 2016, close to 2 years old at valuation date. This is property in which Bernadette Cattaneo, Intervenor herein, currently operates her personal business.

Stobaugh's Sale #3 is a valid sale comparable, but Stobaugh allows a + $120,000 upward adjustment from the sale price of $1,285,000 with no explanation within the appraisal as to why such a large adjustment was used. Moreover, this property was listed on the market for 244 days prior to a sale. It is used by each of Debtor's appraisers but without such an adjustment.

Stobaugh's Comp #4 is a listing, not a closed sale or a valid comparable. At the time of Stobaugh's appraisal, this property was on the market for 3 years (1,004 days to date). This home is 1,100 sq. ft. larger, has one additional garage and a separate detached motorhome garage, a larger lot size, same location and waterfront in the same subdivision and is unsold. The listing agent is Aaron Stafford; McAbee's other expert.

Stobaugh's Comp #5 is a listing and not a closed sale or valid comparable.

Stobaugh's Comp #6 is a listing and not a closed sale or valid comparable. Listing #6 1129 Shoreline Dr. did not close escrow until July 29, 2018.

4. <u>Inadequate Inspection</u>. Stobaugh did not inspect the interior of the subject property and did not show up when scheduled to do so.

**4**

1　　　　Stobaugh never inspected the deck, nor addressed it in her appraisal and has no knowledge
2　of its cost to repair or its effect on valuation or sale.

3　　　　Stobaugh combines forms for a drive by with full appraisal combined in her appraisal.

4　　　　One of Debtor's two independent appraisers addressed the damaged deck in Stobaugh's
5　appraisal and its effect on the Property's value, but did not include an actual dollar adjustment in the
6　final value; the other addressed the damaged deck and included an average of the two contactor's
7　bids provided to repair the deck of $150,000 arriving at a final value of $1,090,000 as market value
8　as of April 13, 2018.

9　　　　If one were to take the other appraisal of Debtor's and apply the same adjustment of
10　$150,000 (average of the two bids to repair the damaged deck) the adjusted value of the Christine
11　D. Rodriguez's appraisal would be $1,100,000.  Thus, the values provided by both independent
12　appraisers is very consistent:  $1,090,000 and $1,100,000 (within $10,000 of each other.)

13　　　　**B.**　　**Aaron Stafford - Realtor.**

14　　　　1.　<u>Value</u>.  Stafford states the value in his opinion is $1,725,000 as of July 20, 2018 not
15　April 13, 2018.

16　　　　Stafford has no listings or sales at or above the value he states for Debtor's Property.
17　Highest priced closed sale up to April 13, 2018 was $1,584,000 on August 22, 2017 almost a year
18　earlier and this sale was included in both of Debtor's appraisals.  His "BOV" was dated as of July
19　20, 2018 and based on a "comp" which was not a closed sale as of April 13, 2018.

20　　　　Stafford bases his value on two closed sales, one of which Debtor's appraisers each also
21　included: 421 Sanguinetti in their provided appraisals and also one that was not sold or listed until
22　after the filing of Debtor's chapter 7 bankruptcy on April 13, 2018.

23　　　　The property at 4324 Edgewater, used as a comparable by both Debtor's appraisers, is the
24　best and most recent comparable sale, but not mentioned or included as a comparable in Stobaugh's
25　appraisal.

26　　　　**C.**　　**John Tylor – Contractor.**

27　　　　1.　<u>Faulty Bid</u>.  Tyler visited the Property and viewed the deck.  He does not note that
28　the framing is one of the most important aspects of repairing this deck properly, but Tyler does not

3

1 address this in his bid. Tyler's bid is unreasonably low for this very reason and if he were to do the
2 repairs would indeed have a cost to repair much higher.

### I. CONCLUSION

Debtor's Motion recites that the Property, his residence, is subject to a first deed of trust in the approximate amount of $925,000, that he is entitled to a homestead exemption of $75,000, and that the property has a value on the date of bankruptcy (April 13, 2018) of $1,160,027. The value has been refined by the bids of two contractors for major deck repair, averaging sum of $150,000. Debtor has submitted the appraisals of Jack Paddock and Christine D. Rodriguez and in the amount of $1,090,000 and 1,250,000 respectively (the latter not considering the aforesaid cost of deck repair). Ms. Rodriguez's appraisal does consider the cost of deck repair, costs of sale are generally estimated at 7%, reducing the value of the lien to $35,000, which would reduce the value to $1,100,00. Because the total of the lien and the homestead exemption is the amount of $1 million, there is virtually no equity to support the McAbee lien.

Debtor submits that there is virtually no value to support the McAbee lien and it should be avoided in its entirety.

DATED: February 28, 2019          MACDONALD FERNANDEZ LLP

By: /s/ *Iain A. Macdonald*
    Iain A. Macdonald,
    Attorneys for Debtor in Possession,
    ANDREAS ABRAMSON

4